UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANDRY CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>BART GUERRERO TRUCKING,<br><br>Defendant. | CASE NO. C19-0897-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 4). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion (Dkt. No. 4) for the reasons explained herein.

## I. BACKGROUND

On October 3, 2018, Plaintiff Landry Connor was rear-ended by an 18-wheeler truck owned and operated by Defendant Bart Guerrero Trucking. (Dkt. No. 1-3 at 1–2.) Plaintiff is a resident and citizen of Georgia. (*Id*. at 2.) Defendant is a sole proprietorship that operates out of a single office in Auburn, Washington. (Dkt. No. 1 at 2.) Defendant's sole owner and operator, Bart Guerrero, resides in Auburn, Washington. (*Id*.)

On December 3, 2018, Plaintiff filed a complaint for damages against Defendant in King County Superior Court. (Dkt. No. 1-3.) On June 7, 2019, Defendant removed the case to this

Court. (Dkt. No. 1.) In its notice of removal, Defendant asserts that removal is proper "under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the amount in controversy exceeds $75,000." (*Id*. at 2.) Defendant does not assert any other basis for subject matter jurisdiction. (*See generally id.*)

On June 12, 2019, Plaintiff filed a motion to remand. (Dkt. No. 4.) Plaintiff asserts, among other things, that removal was improper under the "forum defendant rule." (*Id*. at 1) (citing 28 U.S.C. § 1441(b)(2)). Plaintiff argues that, because Defendant admits that it is a citizen of Washington, removal cannot be based on diversity of citizenship.[1] (*Id*. at 2.) Plaintiff also asks the Court to award him attorney fees for filing this motion because Defendant's decision to remove the case was objectively unreasonable. (*Id*. at 5.)

## II. DISCUSSION

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1332(a), a district court has diversity of citizenship jurisdiction where there is complete diversity among the parties and the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (footnote omitted). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

---

[1] Plaintiff also argues that removal was untimely. (Dkt. No. 4 at 4.) However, the Court does not reach that argument because it decides the motion under 28 U.S.C. § 1441(b)(2).

brought." 28 U.S.C. § 1441(b)(2); *see Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (stating that the forum defendant rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state").

In this case, removal was improper under the forum defendant rule. It is undisputed that Plaintiff initially filed this lawsuit in Washington state court and that Defendant is a Washington citizen. (*See* Dkt. No. 1-3.) Further, Defendant asserts that the only basis for removal is diversity jurisdiction. (Dkt. No. 1.) Based on the undisputed facts, the plain language of 28 U.S.C. § 1441(b)(2) prohibits removal.

Defendant suggests that removal was proper under the Ninth Circuit's decision in *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). In *Lively*, the Ninth Circuit reversed a district court's decision to *sua sponte* remand a case under the forum defendant rule where the plaintiff had not objected to removal within the 30-day time limit imposed by 28 U.S.C. § 1447(c). *Id*. In doing so, the Ninth Circuit held that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of [the] rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c)." *Id*. at 942. Under the holding in *Lively*, a district court retains diversity jurisdiction over a case involving a defendant that is a citizen of the forum state so long as the non-removing party fails to timely object to removal. *Id*.

*Lively* is not applicable to the facts of this case because Plaintiff timely objected to removal. Two days after Defendant filed its notice of removal, Plaintiff informed Defendant that removal was improper under the forum defendant rule and asked that Defendant withdraw its notice of removal. (Dkt. No. 4-1 at 5.) Defendant refused, citing *Lively* as a justification for removal. (*Id*. at 3–4.) Plaintiff filed its motion to remand five days after Defendant removed the case—well within the 30-day time limit imposed by § 1447(c). (*See* Dkt. No. 4.) Given Plaintiff's timely objection, removal was improper under § 1441(b)(2). Therefore, Plaintiff's

1 motion to remand (Dkt. No. 4) is GRANTED.

2 If a district court remands a case removed from state court it may "require payment of
3 just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
4 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded
5 when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin
6 Capital Corp.*, 546 U.S. 132, 141 (2005). A frivolous removal action that provides no basis for
7 removal is not objectively reasonable. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062,
8 1066 (9th Cir. 2008) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir.2006)).

9 Defendant's decision to remove this case was not objectively reasonable. Removal was
10 prohibited under the plain language of § 1441(b)(2). As the Court has explained, *Lively* does not
11 provide even an arguable basis for removal in this case because Plaintiff immediately objected to
12 Defendant's notice of removal. Defendant had the opportunity to withdraw its notice of removal,
13 but chose not to. As a result, Plaintiff was required to file this unnecessary motion to remand.
14 Defendant's refusal to withdraw his notice of removal—in light of Plaintiff's timely objection
15 under the forum defendant rule—was objectively unreasonable. For those reasons, the Court
16 ORDERS Defendant to pay Plaintiff's reasonable attorney fees and expenses incurred in filing
17 his motion to remand. No later than July 19, 2019, Plaintiff shall file a declaration in support of
18 an award of attorney fees.

19 **II.    CONCLUSION**

20 For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 4) is GRANTED. No
21 later than July 19, 2019, Plaintiff shall file a declaration in support of an award of attorney fees.
22 The Clerk is DIRECTED to remand this case to King County Superior Court.

23 //
24 //
25 //
26 //

ORDER
C19-0897-JCC
PAGE - 4

DATED this 11th day of July 2019.

							_____
							John C. Coughenour
							UNITED STATES DISTRICT JUDGE